| UNITED STATES BANKRUPTCY COURT |
| DISTRICT OF NEW JERSEY |

FRENKEL LAMBERT WEISS WEISMAN &
GORDON, LLP
80 Main Street, Suite 460
West Orange, NJ 07052
(973)325-8800
Sean O'Brien, Esq.
Attorneys for Secured Creditor Bank of America, N.A.

Order Filed on May 11, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In Re: | Case No.: 17-34842-CMG |
| Krista L. Williams, | |
| | Chapter 13 |
| Debtor, | Honorable Christine M. Gravelle |

### CONSENT ORDER REGARDING JUNIOR LIEN TREATMENT IN CHAPTER 13 PLAN

The relief set forth on the following pages numbered two (2) through three (3) is hereby ORDERED.

DATED: May 11, 2018

*/s/ Christine M. Gravelle*

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page -2-
Debtor: Krista L. Williams
Case No.: 17-34842-CMG
Caption of Order: CONSENT ORDER REGARDING JUNIOR LIEN TREATMENT IN CHAPTER 13 PLAN

Debtor Krista L. Williams, the Chapter 13 Debtor in the above referenced proceeding (the "Debtor"), having filed a Chapter 13 Plan (the "Plan") involving the real property located at 921 Spray Avenue, Beachwood, New Jersey (the "Property") on which Secured Creditor Bank of America, N.A., ("Bank of America" or "Secured Creditor") holds a junior mortgage lien, and it appearing that the Debtor intends to modify Secured Creditor's lien pursuant to 11 U.S.C. 1322(b)2 and reclassify the lien as fully unsecured and upon the mutual consent of Secured Creditor and the Debtor, and no further notice need be given, and good and sufficient cause appearing for the entry of the within Consent Order, it is hereby ORDERED AS FOLLOWS:

1. Secured Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtor's Chapter 13 Plan.

2. The avoidance of Secured Creditor's second lien is contingent upon the Debtor's completion of the Plan and the Debtor's receipt of a Chapter 13 discharge.

3. Secured Creditor shall retain its lien for the full amount due under the subject loan should the Property be sold, or should a refinance take place prior to the Plan's completion and entry of a discharge.

4. Secured Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtor' Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

Page -3-
Debtor: Krista L. Williams
Case No.: 17-34842-CMG
Caption of Order: CONSENT ORDER REGARDING JUNIOR LIEN TREATMENT IN CHAPTER 13 PLAN

5. In the event that any entity, including the holder of the first lien on the Property forecloses on its security interest and extinguishes the Creditor's lien prior to the Debtor's completion of the Plan, Secured Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of sale.

6. Upon receipt of the Debtor's Chapter 13 discharge and completion of their Plan, the Order avoiding lien may be requested and obtained by Debtor from the Bankruptcy Court without further notice and recorded at the county recorder's office.

7. In the event that the Property is destroyed or damaged, pursuant to the mortgage, Secured Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due on the mortgage.

8. Each party shall bear their own attorney's fees and costs incurred with the present case.

| | |
|---|---|
| Giordano Halleran & Ciesla, P.C. | Frenkel Lambert Weiss Weisman & Gordon LLP |
| Attorneys for Chapter 13 Debtor | Attorneys for Secured Creditor |
| Donald F. Campbell, Jr., Esq. | Sean O'Brien, Esq. |
| 125 Half Mile Road, Suite 300 | 80 Main Street, Suite 460 |
| Red Bank, NJ 07701 | West Orange, NJ 07052 |

Dated: ~~April~~ 8, 2018
  MAY

Dated: ~~April~~ 10, 2018
  May